GONZALES, Judge.
This is an appeal of a judgment rendered by the district court on petition for judicial review from a decision of the Board of Review for the Office of Employment Security, denying unemployment benefits. After the petition for review was filed in the district court but before the answer and return in judicial review (and accompanying board of review transcript) was filed by the Administrator of the Office of Employment Security, a memorandum was filed by the Office of Employment Security reversing its position taken in the administrative proceeding and admitting that plaintiff is entitled to unemployment benefits. Thereafter, judgment was rendered by the district court reversing the decision of the board of review, and ordering the removal of the disqualification of benefits of plaintiff and that unemployment benefits be awarded to plaintiff. Appellant, Pelican Homestead and Savings Association (“Pelican”), a named defendant in the petition for judicial review and the previous employer of plaintiff, appeals this judgment and makes the following assignments of error:
(1) The district court rendered a judgment without giving Pelican, a full party under R.S. 23:1634 an opportunity to participate.
(2) The district court failed to find that the claimant engaged in misconduct within the meaning of R.S. 23:1601, in effect, supplanting its own assessment of the facts rather than relying on Judge Davis’s factual determination.
Plaintiff contends the Administrator or the board of review has the right to reconsider its decision at any time. La.R.S. 23:1626 does provide for a redetermination in certain instances by the Administrator, and “[i]n the event that an appeal involving an original determination is pending at the time a redetermination thereof is issued, the appeal, unless withdrawn, shall be treated as an appeal from such redetermi-nation.” Although in brief, the Office of Employment Security concedes that plaintiff was entitled to unemployment benefits, no “redetermination” pursuant to La.R.S. 23:1626 was issued and the requisite notice to parties specified in La.R.S. 23:1625 was not sent. Thus, the matter was disposed of by the district court on appeal from the decision of the board of review, denying plaintiff benefits on the basis of a disqualification.
The procedure for judicial review of a decision of a board of review is set forth in La.R.S. 23:1634, which provides:
A. Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such pro *1118 ceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.
B. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record. Such proceedings shall be heard in a summary manner and shall be given preference and priority over all other civil cases except cases arising under the worker’s compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases. It shall not be necessary as a condition of initiating a proceeding for a judicial review, and no bond shall be required as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.
It is implicit in the language of this statute which reads, “the findings of the board of review as to the facts, if supported, by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law” (emphasis added), that the district court undertake a review of the record. In the instant case, judgment was rendered on April 10, 1991; however, the record was not filed until May 14, 1991. Clearly, the court could not have reviewed the record under these circumstances.
It may be argued that since plaintiff’s position was conceded by the Office of Employment Security, the judgment rendered constituted a consent judgment or a judgment on the pleadings. Such a position cannot be maintained when it is considered that Pelican was a named party in the district court proceedings and has always asserted a position contrary to plaintiff. In its answer filed in the district court, Pelican specifically denied plaintiff’s allegation that the Administrative Law Judge erred in finding misconduct connected with employment, on plaintiff’s part.
For these reasons, the judgment of the district court is reversed and the matter is *1119 remanded for further proceedings in accordance with the views expressed herein. In particular, due process considerations dictate that an appellant be given an opportunity to present his argument to the court, either by way of brief or oral argument, following the lodging of the administrative transcript. Therefore, the district court is directed on remand to allow Pelican such an opportunity to be heard. Each party is to bear his own costs of this appeal.
REVERSED AND REMANDED.
LOTTINGER, J., concurs.